U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 2 6 2016

TONY R. MOORE CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERMERA M. MAYO, Plaintiff | CIVIL ACTION NO. 1:16-CV-150 SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| CADDO CORRECTIONAL CENTER, ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Jermera M. Mayo (#447242), filed on February 1, 2016. Plaintiff was granted leave to proceed *in forma pauperis* on February 8, 2016. (Doc. 4). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He names as defendants Lavern Hill, Warden D. Dove, Captain G. Sers, and Chief Calvin McFerren.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff complains that he submitted to Defendants Lavern Hill and Warden Dove a residence plan, which is required for all sex offenders prior to being released on parole. Plaintiff alleges that Defendants disregarded his residence plan and failed

to forward the plan to the probation and parole officers. (Doc. 1, p. 3). Plaintiff claims that he is being confined past his early release date because his residence plan has not been properly submitted to the DOC.

## Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff filed his complaint as a civil rights action under § 1983. However, in addition to seeking damages, Plaintiff seeks an immediate release from custody. Such relief is not available through a civil rights action. A Plaintiff seeking release from custody must file a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). However, before Plaintiff can obtain habeas relief from a federal court, he must first exhaust available state court remedies. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff also seeks monetary damages. The United States Supreme Court has held that a § 1983 plaintiff may not recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under Heck, a plaintiff's federal claim for damages is barred if a judgment in his favor would "necessarily imply" the invalidity of his state conviction or his confinement. See Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). Heck has been extended to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the instant case, a judgment in Plaintiff's favor awarding money for incarceration past his release date would necessarily imply the invalidity of his present confinement. Accordingly, Plaintiff's § 1983 claim is currently barred by Heck. Because Heck dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the term of imprisonment has been invalidated, the § 1983 complaint should be dismissed. See

3

Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994); Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS


AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

    THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of February, 2016.

                                 Joseph H.L. Perez-Montes
                                 United States Magistrate Judge

